# Jones *v.* Sowers, Appellant.

*Vendor and vendee—Option—Notice of acceptance—Waiver—Control.*

The right to receive written notice of an acceptance of an option may be waived by parol.

A waiver may be evidenced by express agreement, or by declarations and conduct, from which a fair implication of it arises.

A party who dispenses with or prevents performance of a contract cannot take advantage of the nonperformance by the other.

Where a person, having an option on coal, which option is to be accepted by written notice, sends a written notice of acceptance by an agent, and the agent reads it to the vendor and notifies him that he will serve it upon him on the date specified in the option for its acceptance, and the vendor states that he will not accept the notice and that he intends to keep his coal, the vendor will be deemed to have waived further notice.

Argued Oct. 21, 1902.   Appeal, No. 138, Oct. T., 1902, by defendant, from decree of C. P. Washington Co., No. 1209, in equity for specific performance, in case of John H. Jones v. Warren Sowers.   Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ.   Affirmed.

Bill in equity for the specific performance of an option for the purchase of coal.   Before McIlvaine, P. J.

The facts are stated in the opinion of the Supreme Court

*Error assigned* was decree awarding specific performance.

*R. W. Irwin*, with him *John C. Bane*, for appellant.—The notice given was insufficient: Smith v. Brinser, 1 Pa. Dist. Rep. 396 ; Hart v. Gray, 3 Sumn. 339; Eaton v. Manitowoc County, 42 Wis. 317 ; McDermott v. Board of Police, 25 Barb. (N. Y.) 635; Rathbun v. Acker, 18 Barb. 393.

*A. M. Todd* with him *J. A. Wiley*, for appellee, cited: Currier v. Grebe, 142 Pa. 48.

OPINION BY MR. JUSTICE POTTER, January 5, 1903:

This is a bill for the specific performance of a contract for the sale of coal. On May 19, 1899, the defendant, Warren Sowers, executed and delivered to J. A. Ray a written contract, for the sale of the Pittsburg vein of coal, underlying a tract of ground, containing some 200 acres. He agreed to convey the coal, by good and sufficient deed, clear of incumbrances, provided that on or before March 19, 1900, the said Ray gave him notice in writing of his election to take and accept the said coal, and paid him therefor the sum of $20.00 per acre, upon the delivery of the deed, and confirmation of title.

The course of events with reference to the acceptance of this option is set out by the court below in the third and fourth findings of fact, as follows:

" 3. Sometime in February, 1900, J. A. Ray elected to purchase the coal described in said written contract, and as expressive of that election signed, at his office in Pittsburg, Pennsylvania, a writing, which is in words and figures set out below, and sent the same to John Closser, a justice of the peace, who resides in this county near the residence of Warren Sowers, with directions to serve the same upon him. (Copy of notice.)

" ' March 19, 1900.

" ' To Warren Sowers : I hereby notify you that I elect to take the coal underlying your farm with mining and other rights and privileges optioned to me.

" ' J. A. Ray.' "

' " 4. In the latter part of February, 1900, twenty days or more before the expiration of the option to purchase given in said written contract of date May 19, 1899, John Closser, having received this written notice, visited Warren Sowers at his resi-

dence to get title papers preparatory to making an abstract of title, and at that time told him that his coal had been accepted, and read over to him the written acceptance signed by J. A. Ray set out in the third finding of fact, supra, and fully explained the matter to him, and also told him that he would be back again on the day the notice was dated, March 19, 1900, to formally serve it on him, when the defendant said he would not be at home, and said he would not let his coal go. He further said that he would not accept notice, and that he should not serve it on him then, that he would be away on March 19, 1900, the day the ten months' option expired."

After finding other facts, the court reached the following conclusion of law: " That J. A. Ray before March 19, 1900, elected to take and accept the coal in question as provided in the written contract of date May 19, 1899, and of this the defendant had legal notice, so that the contract of May 19, 1899, became a binding contract for the sale of said coal by the defendant to J. A. Ray, his heirs or assigns."

And he further found that the plaintiff was entitled to a decree of specific performance. It is contended on behalf of the appellant that the notice of an election to purchase the coal was under the terms of the contract to be a written notice, and that it could only be served by giving to Warren Sowers a written copy thereof. If the defendant had simply stood upon the letter of the agreement, and if there had been nothing in his conduct to show that he intended to dispense with the requirement of a written notice, or that he intended to prevent the performance of the contract, he would be in a position to question whether the admitted facts as to the service of notice upon him of the acceptance of the contract, showed a strict compliance with its terms.

But the conduct of the defendant, as outlined in the findings of fact, by the court, was such as amounted to a waiver of his right to receive any other notice than that which was served upon him in the latter part of February. At that time, the agent of the other party to the agreement proposed to return upon March 19, and serve upon the defendant a written notice of acceptance, in literal compliance with the terms of the contract. The defendant, however, capriciously and arbitrarily refused to accept any such notice, and said that he would not

let his coal go. How could there be any more positive or definite relinquishment of his right to further notice. There is no reason why the right to receive written notice may not be waived by parol. We are not aware of any principle of public policy, or of any enactment of positive law, which would prohibit such a waiver.

"A waiver may be evidenced by express agreement or by declarations and conduct, from which a fair implication of it arises :" Smith v. Snyder, 168 Pa. 541.

Having expressed his intention of repudiating the contract, and having declined to receive any further or written notice of acceptance, it would be unconscionable to now allow the appellant to claim any benefit from his refusal to permit literal compliance with the terms of the agreement as to notice.

"A party who dispenses with or prevents performance of a contract, cannot take advantage of the nonperformance by the other :" Grove v. Donaldson, 15 Pa. 128.

The assignments of error are all overruled, and the decree of the court below for specific performance of the contract is affirmed, and this appeal is dismissed at the cost of appellant.