WISCONSIN & MICHIGAN RAILWAY CO. v. McKENNA.

1. Deeds—Delivery—What Constitutes.
   Where a deed was executed by certain of the grantors named therein and delivered to the common agent of the grantors and grantee on the understanding that it was not to be delivered to the grantee without the signature of the remaining grantor, and that the consideration was not to be paid until such signature was obtained, there was no delivery of the deed to the grantee.

2. Statute of Frauds—Sale of Land—Part Performance.
   The execution of a deed by a part of the vendors in an oral executory contract for the sale of an interest in land, and its delivery to a common agent of the vendors and purchaser, on the agreement that he is to procure its execution by the remaining vendor, and deliver it when complete to the purchaser, and the deposit at the same time by the purchaser of the purchase price in the hands of the agent, does not, the remaining vendor having refused to execute, constitute such a part performance as to take the executory contract out of the statute of frauds, though the purchaser, by consent of the vendors, took possession in expectation of performance, and expended a small sum of money on the land.

3. Specific Performance—Sale of Land—Part Performance.
   A deed was executed by some of the vendors in an oral executory contract to convey the land, and delivered to the common agent of the parties, on the understanding that he should procure the signature of the remaining vendor, who was to receive no consideration, and the consideration then on deposit in the agent's hands was to be paid to the others. The remaining vendor refused to execute the deed, whereupon the purchaser tendered the consideration to the others, waiving the signature of the vendor who refused to execute. Held, that the tender did not take the executory contract out of the statute of frauds, so as to support a bill for specific performance by the purchaser.

4. Same—Part Performance—Possession—Equities.
   Where a contract between a railroad company and a landowner for a conveyance of a right of way over land was executory and within the statute of frauds, the mere entry on the land by

the company with the consent of the owner, and the excavation of a small quantity of earth, was not a sufficient part performance to warrant specific performance at the suit of the company, condemnation being available.

Appeal from Dickinson; Stone, J. Submitted January 4, 1905. (Docket No. 2.) Decided February 4, 1905.

Bill by the Wisconsin & Michigan Railway Company against Mary T. McKenna, Thomas McKenna, and John K. Stack for the specific performance of a contract. From a decree dismissing the bill, complainant appeals. Affirmed.

*L. D. Eastman* (*E. Clark Eastman,* of counsel), for complainant.

*F. D. Mead,* for defendants.

Hooker, J. Thomas McKenna was the owner in fee of the premises in question, subject to the rights of Mary McKenna (his wife), and John K. Stack, who were owners, respectively, of 21/24 and 3/24 of the ores and minerals upon said premises, with the right to enter, mine, and carry away the same.

The complainant, a railroad company, sought to acquire a right of way over said lands for its track, and to that end began proceedings for condemnation under the statute. At the time the cause came on for hearing before the circuit court, negotiations for a settlement were pending, and it was announced by counsel that an amicable adjustment of the matter was probable. The negotiations were continued until July 14, 1903, when, all the parties except Stack being present, and he being represented by counsel, an agreement was made and reduced to writing by the terms of which a deed of the right of way to complainant was made in consideration of $2,500, which was to be paid for the same. Mrs. McKenna was to receive the entire sum and Stack nothing. The writing was executed by the McKennas, and was placed in the hands of Mr.

Flannigan, their counsel, whose clerk was to take it to Mr. Stack, to be signed by him, and on its return Mr. Flannigan was to deliver it to the complainant, and to deliver to Mrs. McKenna the complainant's check for $2,500, which, in pursuance of the agreement, it deposited with him for the payment of the consideration. The clerk was to be paid for his service by complainant. There was no doubt in the minds of any of the parties that Stack would sign the paper, and, the check being deposited, it was orally agreed that the complainant might enter on the premises and begin work at once. It accordingly entered, and did a small amount of work, before learning of the refusal of Stack to sign and the repudiation of the contract by Mrs. McKenna, who drove the men from their work with a pistol. Stack refused to sign for some reason not given, and, the money not being paid to Mrs. McKenna, who demanded it, she repudiated the agreement, and concluded to double her price for the right of way, and so informed the complainant. After this refusal and Mrs. McKenna's repudiation of the agreement, the complainant offered to waive the signature of Stack, and to take the deed, and pay over the price to the McKennas without it, claiming the right to do so, but this was refused.

Complainant has filed the bill in this cause for specific performance, and an injunction which was issued has been continued to the hearing of the cause upon the filing of a bond conditioned to prosecute the condemnation proceedings to conclusion, and pay the compensation that should be therein awarded if its bills should be dismissed. The circuit court determined that the complainant had not acquired title to the right of way, and denied specific performance, but continued the injunction for a time, to give opportunity for condemnation, in case the Supreme Court should affirm the decree. The complainant has appealed.

The parties made an oral contract for the sale of this right of way, and the defendant went into possession under it, and deposited the consideration with Mr. Flannigan, the attorney of the McKennas, who was selected for the pur-

pose. The deed which was to convey the right of way was never fully executed by the grantors named in it as contemplated by all, for the reason that Stack refused to sign it. We are of the opinion that there was no delivery of the deed to the complainant by the McKennas, who signed it, as Flannigan had no authority to deliver it without the signature of Stack, or to deliver the check to the McKennas without such signature to the deed, until it was given by letter after this suit was commenced.

The situation, then, is that the parties made an oral executory contract for the sale of an interest in land. It was, when made, within the statute of frauds, and cannot be enforced specifically unless it has been taken out of the statute by part performance. The only thing that has been done by the complainant was to take possession in expectation of performance, and expend a small sum upon the land, and to make a deposit with a common agent of the consideration. The defendants have done nothing toward executing the contract except to yield possession in the expectation that a deed would be made, which, owing to Stack's refusal, was not completed. In other words, the contract was not executed because the consideration has not been paid or the deed delivered. It remains an executory contract within the statute of frauds, because not in writing.

The only question left is whether equity may treat the possession given as such part performance as to justify specific performance. It is said the offer to deliver the check was a waiver of complainant's claim to Stack's signature as a condition precedent to the delivery of the deed, but that does not make the executory contract valid. The contract being executory and oral, neither party could compel the other to perform. The tender of a deed would not make it valid, nor would the tender of the consideration; and neither, unless accepted, would be available in support of a claim of part performance. Hence we must say that the direction to Flannigan, the common agent, to deliver the check to Mrs. McKenna, even if she were informed of

it, did not affect her right to refuse performance, and, if the complainant is to prevail, it must be upon the ground that the change of possession entitles it to specific performance.

The mere putting a vendee in possession is not sufficient to give a right to specific performance. It is not equities arising out of the contract, but equities based upon what has been done by way of executing it, and in reliance upon it by the acquiescence of the other party, that courts of equity act upon in such cases; and, as indicated by the learned circuit judge, there is little beyond the mere fact of the entry by the complainant shown. The possible excavation of a little dirt, involving at most the expenditure of a few dollars, is the extent of the injury to the complainant, and even that will not be lost if it shall succeed in obtaining the right of way in the proceedings for condemnation, which we understand to be yet pending.

The decree will be affirmed, with costs.

MOORE, C. J., and MCALVAY, GRANT, and BLAIR, JJ., concurred.