## CLARK *v.* MUIRHEAD.

1. VENDOR AND PURCHASER—WRITTEN ACCEPTANCE OF OPTION—
WAIVER—ESTOPPEL.

Where an option to purchase land provided for its acceptance in writing by a specified date, refusal by the optionors before that date to accept the money tendered and statements by them that they did not want to sell did not constitute a waiver of their rights thereunder or an estoppel to insist thereon, nor was the optionee in any way relieved thereby from accepting in writing according to its terms.

2. SPECIFIC PERFORMANCE—OPTIONS—WHERE OPTION NOT ACCEPTED NO CONTRACT EXISTS.

Where an option to purchase land was not accepted in writing according to its terms, there was no contract between the parties which a court of equity could specifically enforce.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted October 11, 1928. (Docket No. 69, Calendar No. 33,903.) Decided December 4, 1928.

Bill by William H. Clark against Richard Muirhead and another for specific performance of an optional land contract. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Preston Allen* (*Pelton & McGee,* of counsel), for plaintiff.

*Patterson & Patterson* and *William Henry Gallagher,* for defendants.

SHARPE, J. Defendants gave plaintiff an option to purchase certain real estate in the county of Oakland. It provided for acceptance in writing by a

specified date. It was not so accepted. This bill is filed for specific performance. Plaintiff's counsel concede that "the provision must be complied with unless that form of acceptance is waived."

It appears that on several occasions before the time for acceptance had expired the plaintiff tendered to the defendant Richard Muirhead the payment specified in the option to be made on the acceptance thereof and demanded a contract pursuant to its terms. Plaintiff testified that the only reason given by Muirhead for his refusal to accept the money was that "they didn't want to sell the farm." Counsel contend that defendants' "repudiation of the contract" for the reason stated constituted a waiver of its right to insist on a written acceptance. They rely on the holding in *Crolius* v. *Lorge,* 192 Wis. 130 (212 N. W. 253), and *Jones* v. *Sowers,* 204 Pa. 329 (54 Atl. 169), to sustain this contention. Without passing on defendants' claim that these cases were not properly decided, it is sufficient to say that the holding in the *Crolius Case* was predicated on the fact that after parol acceptance the optionor at the request of the optionee delivered an abstract of title to the property and caused expense to be incurred in the examination thereof, and that in the *Jones Case* it appeared that the conduct of the optionor had been such as to indicate "that he intended to dispense with the requirement of a written notice." It would seem that decision in those cases might more properly have rested upon the doctrine of equitable estoppel than on waiver. In our opinion defendants' naked refusal to perform in no way relieved plaintiff from accepting the option according to its terms, and constituted neither a waiver of his rights thereunder nor an estoppel to insist thereon.

In James on Option Contracts, § 839, the author points out the distinction between an election to be bound by the option and acts in the performance thereof; that the latter—

"are merely matters of performance of the contract raised by the election, the sufficiency and timeliness of which are tested by the rules of law relating to the performance of contracts generally and not by the rules of law peculiar to the acceptance of offers."

This distinction is also pointed out in 27 R. C. L. p. 343, as follows:

"The fact that the vendor before the time for exercising the option has expired gives notice that he will not comply with his contract does not excuse the other party from giving proper notice of his election to purchase and offering to comply with the terms of the option. The reason for this is that until the acceptance of an option in accordance with its terms, no contract of purchase exists, and the party giving the option is under no obligation to convey the property mentioned therein."

We are in accord with the conclusion reached by the trial court that plaintiff did "not establish an enforceable contract which will entitle him to relief in a court of equity," and the decree dismissing the bill is affirmed, with costs to appellees.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.