HARMON v. MUIRHEAD.

1. SPECIFIC PERFORMANCE—NOT MATTER OF RIGHT.
   Specific performance is matter of grace, not of right, rests in discretion of court, is based on equitable principles, and, though it may not be arbitrarily or capriciously refused, will not be granted except where complaining party is clearly entitled thereto.

2. SAME—REFUSED WHERE NO MUTUALITY OF OBLIGATION OR REMEDY.
   Where there is no mutuality of obligation or remedy, specific performance will be refused.

3. SAME—VENDEE HAVING RIGHT TO CANCEL NOT ENTITLED TO SPECIFIC PERFORMANCE.
   Where contract for sale of land provided that if vendors failed to establish satisfactory title within one year, vendee had right to cancel contract and vendors would then return down payment, there was no such mutuality of obligation and of remedy as to entitle vendee to specific performance after vendors' failure to establish merchantable title within one year.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted April 11, 1929. (Docket No. 79, Calendar No. 34,297.) Decided September 4, 1929.

Bill for specific performance of a land contract by Rawson B. Harmon against Richard Muirhead and another. From a decree for plaintiff, defendants appeal. Reversed, and bill dismissed.

*Pelton & McGee,* for plaintiff.

*Wm. Henry Gallagher,* for defendants.

POTTER, J. Plaintiff sued defendants for specific performance of a written contract entered into Sep-

On necessity of mutuality of obligation as a condition of the right to enforce specific performance of contract, see annotation in 6 L. R. A. (N. S.) 403; 38 L. R. A. (N. S.) 452.

tember 25, 1925, to sell and convey the same land involved in *Muirhead* v. *McCullough,* 234 Mich. 52, and *Clark* v. *Muirhead,* 245 Mich. 49. There was decree for plaintiff and defendants appeal. The contract price of the land was $40,000; $1,000 was paid by plaintiff to defendants on the execution of the contract, which recited that vendors were engaged in litigation affecting the title of the land described therein. The contract was made contingent on vendors' establishing a good merchantable title to the lands. If they were unable to do so, the $1,000 paid them was to be returned to vendee and the contract canceled. The contract provided that, should vendors fail to establish satisfactory title to the property within one year from date, the vendee should have the right "if they so desire, to cancel this agreement, and parties of the first part thereupon agree to return to party of the second part the $1,000 above mentioned and paid, forthwith." *Muirhead* v. *McCullough, supra,* was decided March 20, 1926. The bill herein was filed November 16, 1926. *Clark* v. *Muirhead, supra,* was decided December 4, 1928. This case was tried below January 2, 1929. Specific performance is a matter of grace, not of right. It rests in the discretion of the court, is based upon equitable principles, and though it may not be arbitrarily or capriciously refused, will not be granted except where the complaining party is clearly entitled thereto. *Rathbone* v. *Groh,* 137 Mich. 373; *Linsell* v. *Halicki,* 240 Mich. 483; *Gillette* v. *Metzgar Register Co.,* 243 Mich. 48. Where there is no mutuality of obligation or no mutuality of remedy, specific performance will be refused. *McMurtrie* v. *Bennette,* Harr. Ch. 124; *Hawley* v. *Sheldon,* Harr. Ch. 420; *Chambers* v. *Livermore,* 15 Mich. 381; *Maynard* v. *Brown,* 41 Mich. 298; *Rust* v.

*Conrad,* 47 Mich. 449 (41 Am. Rep. 720); *Gillette* v *Metzgar Register Co., supra;* Bouvier's Law Dict., Rawle's 3d Rev., 3102.

Vendors failed to establish good merchantable title to the land described in the contract within one year from its date. If prevailing values deflated, plaintiff could refuse to take the land and take back his $1,000; if values inflated he could take the property and pay the agreed price—the $1,000 to apply thereon. Plaintiff was bound or not bound at his option. Defendants were bound in any event. There was no such mutuality of obligation and of remedy as to entitle plaintiff to specific performance. The decree will be reversed, and plaintiff's bill dismissed, with costs.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.