POLICHA *v.* VOSS.

1. FRAUDS, STATUTE OF—EXCHANGE OF PROPERTY—BROKER'S COMMISSION AGREEMENT.

Broker's written agreement relative to commission for sale of defendants' premises *held,* not to cover alleged oral agreement for exchange of interests between property owners but merely to satisfy requirement of statute of frauds that contracts for the payment of commissions on the sale of real estate be in writing (3 Comp. Laws 1929, § 13413).

2. SPECIFIC PERFORMANCE—DISCRETIONARY NATURE OF REMEDY—
ORAL CONTRACTS—PART PERFORMANCE.

Specific performance is not decreed as of right by showing that
an oral contract has been partly performed as the remedy is a
matter of discretion and depends on the judgment of the court
after a careful examination of all the circumstances.

3. FRAUDS, STATUTE OF—EQUITY—PART PERFORMANCE OF ORAL CON-
TRACT—FRAUD.

Equity acts in case of part performance to prevent perpetration
of a fraud by party who accepts benefits under a parol agree-
ment and then seeks to resist its completion by pleading statute
of frauds requiring contracts for sale of an interest in land to
be in writing (3 Comp. Laws 1929, § 13413).

4. SPECIFIC PERFORMANCE—ORAL AGREEMENT FOR EXCHANGE OF
PROPERTY—EQUITY—TRANSFER OF CAUSE TO LAW SIDE.

In suit for specific performance of oral agreement for exchange
of interests in land where broker's written listing and commis-
sion agreement with defendants for sale of their property did
not cover agreement for exchange between the parties and evi-
dence did not reveal such fraud as would warrant the interven-
tion of a court of equity, dismissal of bill without prejudice to
rights of parties to respective actions at law for recovery of
money involved and for rent was proper (3 Comp. Laws 1929,
§§ 13413, 13415).

5. TRIAL—TRANSFER OF CAUSES.

Dismissal of suit brought on equity side of court which should
have been brought on the law side was not error where neither
party made a motion to have the case transferred to the equity
side in the trial court (3 Comp. Laws 1929, § 14008).

Appeal from Muskegon; Sanford (Joseph F.), J.
Submitted January 9, 1940. (Docket No. 133, Calen-
dar No. 40,759.) Decided March 15, 1940.

Bill by Matt J. Policha and wife against Harry
Voss and wife for specific performance of a parol
contract for the sale and exchange of interests in
land. Bill dismissed. Plaintiffs appeal. Affirmed.

*F. E. Wetmore,* for plaintiffs.

*Raymond J. Engle,* for defendants.

Butzel, J. Plaintiffs appeal from a decree dismissing their bill for specific performance of an oral contract for the sale and exchange of interests in land. Defendants Harry Voss and wife were the owners of a house and lot at 371 Broadway, Muskegon Heights, Michigan. The property was incumbered with a first mortgage for $1,700 executed to a building and loan association on which defendants were obligated to pay $25 per month. On December 16, 1938, they listed it for sale with A. C. Hansen, a broker, and signed an agreement which stated that the sale price was to be "the sum of $2,800 on the following terms: $1,700 first mtg., $1,100 cash bal. Bal. of mtg. payable at $25 per month," et cetera. The agreement also provided that in the event of an exchange of property, the broker was to be permitted to represent and receive compensation from both parties to the transaction.

Plaintiffs Policha and wife were assignees of the vendee's interest in a contract for the purchase of a house and lot on Clinton street, Muskegon Heights, title to which was in the Reconstruction Finance Corporation. They also had sold the property on a subcontract to third parties. The amount of their equity in their subcontract of sale, after deducting the sum due their vendor, was approximately $1,200. Plaintiffs learned of defendants' willingness to sell through an advertisement of the broker and they made an oral offer to defendants through the broker to turn over their equity of $1,200 in lieu of the cash payment as provided in the listing agreement. As far as the record shows, nothing further was said in regard to the terms of the $1,700 mortgage. The offer appears to have been accepted orally.

The deal could not be consummated immediately for it was necessary to send to the Reconstruction Finance Corporation for the abstract on plaintiffs'

property. A few days after the offer of plaintiffs was submitted to defendants through the broker, defendant Voss went to the Clinton street property and collected from plaintiffs' vendee $40 to apply on the contract, and about a month later he collected $40 for the January, 1939, payment. In the meantime, when Mrs. Voss went to collect the rent from the tenant of the Broadway property, she was informed that Mr. Policha had already collected it. While she seemed not to understand why Mr. Policha did so, she returned shortly thereafter and told the tenant that from then on the rent should be paid to Mr. Policha. Soon after these events, the Polichas moved into the Clinton street property.

It is claimed that defendants verbally accepted the proposition submitted by the broker, but on the condition that plaintiffs pay his commission, which amounted to $100. Plaintiffs paid this commission and, in addition, paid the broker $13.97 interest due on the Clinton street contract. They also gave him the sum of $25, the payment due on the mortgage to the building and loan association to which he made the payment.

The parties disagreed on the question of the liability on the mortgage. Defendants claimed that a condition of the exchange was that they were to be released from their liability on the mortgage. It appears that the building and loan association was not satisfied with the credit report on plaintiffs and insisted upon the primary liability of defendants. The record shows that an effort was made to circumvent this difficulty by the broker's attempt to make himself liable on the mortgage in addition to the secondary liability of the new purchasers, and the parties had some discussion as to how defendants would be protected by a return of the property in case they were compelled to pay the mortgage.

Plaintiffs executed assignments of their interest in the land contract and a quitclaim deed and submitted them to the broker who prepared a warranty deed for the Broadway property which was never executed by defendants. After the abstract had been submitted to defendants' attorney, they refused to go ahead with the deal.

There was no writing to express the terms of the exchange. The authority to the broker did not cover the agreement for exchange as between the parties to this action, but merely satisfied the requirement that contracts for the payment of commissions on the sale of real estate be in writing. 3 Comp. Laws 1929, § 13413 (Stat. Ann. § 26.908), provides that "every contract * * * for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the * * * sale is to be made, or by some person thereunto by him lawfully authorized in writing."

Plaintiffs invoke 3 Comp. Laws 1929, § 13415 (Stat. Ann. § 26.910), which provides that

"Nothing in this chapter contained shall be construed to abridge the powers of the court of chancery to compel the specific performance of agreements, in cases of part performance of such agreements."

Specific performance is not decreed as of right by showing that an oral contract has been partly performed. The remedy is a matter of discretion and depends on the judgment of the court after a careful examination of all the circumstances. Equity acts in the cases of part performance to prevent the perpetration of a fraud by the party who accepts benefits under a parol agreement and then seeks to resist its completion by pleading the

statute. *Range* v. *Davison,* 242 Mich. 73; *Windiate*
v. *Leland,* 246 Mich. 659; *Harmon* v. *Muirhead,* 247
Mich. 614; *Woods* v. *Johnson,* 266 Mich. 172. While
it appears that defendants reneged their agreement
after the exchange of the properties, we cannot say
that the trial judge was in error in concluding that
the facts did not reveal such fraud as would warrant
the intervention of a court of equity. In *Wisconsin
& Michigan R. Co.* v. *McKenna,* 139 Mich. 43, it was
held that:

"The mere putting a vendee in possession is not
sufficient to give a right to specific performance. It
is not equities arising out of the contract, but equi-
ties based upon what has been done by way of exe-
cuting it, and in reliance upon it by the acquiescence
of the other party, that courts of equity act upon in
such cases."

The trial judge did not exceed the bounds of a fair
discretion when he dismissed the bill "without prej-
udice to the rights of the parties to respective ac-
tions at law for recovery of money involved * * *
and for rent."

It is contended that if the case was brought on
the wrong side of the court, it should have been
transferred to the proper side instead of being dis-
missed, in accordance with 3 Comp. Laws 1929,
§ 14008 (Stat. Ann. § 27.652). No motion to transfer
the cause was made by either party in the court
below.

The case is affirmed, without prejudice to the
rights of the parties to make proper application to
transfer the case to the law side of the court. Costs
to defendants.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER,
NORTH, MCALLISTER, and WIEST, JJ., concurred.