KAMULSKI *v.* HEAD.

1. Trial—Transfer from Equity to Law Side of Court.

Where specific performance of a land contract to sell a tavern and gasoline station had become impossible because vendors had destroyed a portion of the premises after suit had been started and plaintiffs did not seek to transfer cause to law side of court to recover liquidated damages for breach of the contract until their motion for rehearing in which they also stated that such a transfer was a useless gesture in view of the uncontradicted testimony, the Supreme Court will not set aside decree dismissing bill and *sua sponte* order such transfer (3 Comp. Laws 1929, § 14008).

2. Appeal and Error—Transfer of Causes—Adequacy of Remedy at Law—Costs.

Where remedy at law is adequate but no motion to transfer the cause to the law side of the court from the equity side has been made and no right to equitable relief shown, decree dismissing bill is affirmed without prejudice to right of appellant to move to transfer cause to the law side of the court, and without costs (3 Comp. Laws 1929, § 14008).

Appeal from Macomb; Spier (James E.), J.   Submitted January 14, 1947.   (Docket No. 43, Calendar No. 43,593.)   Decided April 8, 1947.

Bill by Leo Kamulski and wife against George Head and wife for specific performance of agreement to sell real estate, liquor licenses and gasoline station.   Decree for defendants.   Plaintiffs appeal. Affirmed.

*Riseman, Lemke & Piotrowski,* for plaintiffs.

*Bert V. Nunneley (E. O. Kugel* and *Nunneley & Nunneley,* of counsel), for defendants.

BOYLES, J.   Plaintiffs filed a bill of complaint in the circuit court for the county of Macomb in chancery to compel specific performance by the defendants of a claimed agreement to sell to them certain real estate together with a class C and S. D. M. liquor license and gasoline station, known as "Head's Tavern."   The defendants answered, claiming the benefit of a motion to dismiss on the grounds that specific performance was impossible and that the plaintiffs have an adequate remedy at law.   The case was heard by the circuit judge, and at the conclusion of plaintiffs' proofs the defendants without offering any testimony moved the court to dismiss the bill of complaint.   After argument of counsel the following occurred:

"*Mr. Nunneley* (attorney for defendants): Let me see if I understand the situation right.   You are not asking specific performance.   You are asking for $4,000.   Let's have it clear.   No use of arguing about specific performance.

"*Mr. Riseman* (attorney for plaintiffs): I am not asking for specific performance on two grounds be-

cause I do not believe—I am of the opinion that the $2,000 is not in the nature of a penalty and, second, because part of the consideration, assets, have been destroyed by the defendants subsequent to the entry of the lawsuit.

"*Mr. Nunneley:* The only reason I ask that we don't need to discuss the question of specific performance.

"*Mr. Riseman:* If you want the law on that—

"*Mr. Nunneley:* I was going to say you aren't entitled to it anyway.

"*Mr. Riseman:* I didn't even have to ask for it.

"*The Court:* You have come into court for specific performance of an agreement set forth, here called a deposit agreement. If this is a true copy—I am going by the typewritten copy—where is there anything in this agreement that is a mutual binding obligation on both parties? Where is there an agreement to sell and agreement to buy? Where is there anything in here that would permit Mrs. Head to come in here and compel a court of chancery to compel any promise to pay?"

After some further colloquy between the court and counsel for the parties the following occurred:

"*The Court:* Your bill asks only for specific performance. There is nothing in the alternative, damages, except the last phrase, 'or relief as may be equitable to equity and good conscience.'

"*Mr. Riseman:* I say once the court assumes jurisdiction—

"*The Court:* I say it is not asked for.

"*Mr. Nunneley:* You didn't say that once a court assumes jurisdiction—you say when a man comes into court and files a bill for specific performance and then when the proofs are in says, 'I am not entitled to specific performance; I want damages' he should be in a court of law.

*"Mr. Riseman:* The only thing I say, part of the assets are destroyed. We couldn't get specific performance."

At no time did anyone ask that the case be transferred to the law side of the court, nor did the court find in the proofs sufficient reason for ordering such transfer on the court's own motion. 3 Comp. Laws 1929, § 14008 (Stat. Ann. § 27.652). The court specifically found that plaintiffs were not entitled to damages but protected the right of plaintiffs to a return of their $2,000 deposit, which defendants had tendered to plaintiffs, and which had been deposited in court.

In their brief counsel for appellants say:

"The plaintiffs on the other hand felt that because the amount stipulated for damages was not a penalty and further by reason of the destruction of part of the premises by the defendants during the pendency of the cause of action, the court should enter a judgment for the amount of stipulated damages, namely $2,000.

"Subsequently, a motion for rehearing was filed by the plaintiffs asking that either a judgment be entered for the stipulated sum for damages or transferred to the law side of the court."

Plaintiffs' motion for rehearing does not support the claim thus made. Their motion for a rehearing, in part, was:

"d. That in view of the uncontradicted testimony it would be a useless gesture to transfer this case to the law side of the court."

Under the circumstances we see no good reason why this Court should set aside the decree and *sua sponte* order a transfer to the law court. In the decree the lower court protected the rights of plain-

tiffs to a return of the $2,000 deposit which they had made. The clerk of the court was directed to turn the same over to plaintiffs when requested. Appellants have conceded that specific performance is impossible. Apparently plaintiffs claimed—and still insist—that they have a right to recover liquidated damages. Their claim in that regard seems to be based upon a provision in the "deposit agreement" as follows:

"Therefore: It is mutually understood and agreed that should the first parties (defendants herein) refuse to go through with this agreement they shall return the deposit of $2,000 together with the sum of $2,000 additional as liquidated damages to the parties of the second part (plaintiffs)."

The court was not in error in dismissing the bill of complaint. No request to transfer the case to the law side of the court had been made. This Court has said:

"This suit by bill in chancery was not commenced in the proper forum where rested complete jurisdiction to fully dispose of the controversy. It should have been brought and tried as an action on the law side of the court. The chancery decree appealed from will therefore be set aside, with costs to defendant, and the case remanded to the trial court for transfer to the proper side under authority of section 12351, 3 Comp. Laws 1915,* if requested, with such further proceedings as parties may desire and the court determine." *City of Iron Mountain* v. *Iron Mountain Waterworks,* 206 Mich. 537, 544.

"Plaintiff has an adequate remedy at law, and the learned circuit judge was right in holding that the equity court had no jurisdiction.

"The decree is affirmed, but the case is remanded in order to give plaintiff an opportunity to move

* 3 Comp. Laws 1929, § 14008 (Stat. Ann. § 27.652.)—Reporter.

that the suit be transferred to the law side of the court under the provisions of section 12351,* 3 Comp. Laws 1915.'' *French* v. *Mulholland,* 218 Mich. 248, 252 (21 A. L. R. 1).

''It is contended that if the case was brought on the wrong side of the court, it should have been transferred to the proper side instead of being dismissed, in accordance with 3 Comp. Laws 1929, § 14008 (Stat. Ann. § 27.652). No motion to transfer the cause was made by either party in the court below.

''The case is affirmed, without prejudice to the rights of the parties to make proper application to transfer the case to the law side of the court.'' *Policha* v. *Voss,* 292 Mich. 494, 499.

The decree dismissing the bill of complaint is affirmed, without prejudice to the right of plaintiffs to move the trial court for a transfer, in accordance with the above decisions. In view of the conclusion reached, other questions raised by appellants are not controlling of decision. Under the circumstances, no costs are allowed.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, NORTH, and DETHMERS, JJ., concurred.

---

* 3 Comp. Laws 1929, § 14008 (Stat. Ann. § 27.652.)—REPORTER.