[File No. 7326]

LILLIE L. HULTBERG, Appellant, v. CITY OF GARRISON, a Municipal Corporation, Respondent.

(56 NW2d 319)

Opinion filed November 21, 1952.   Rehearing denied Jan. 8, 1953.

*J. K. Murray,* for appellant.

357

*Robert Vogel,* City Attorney, and *Higgins & Donahue,* for respondent.

Morris, Ch. J. The plaintiff seeks to recover damages against the City of Garrison for breach of an alleged contract to sell

to her two lots in the city which she claims to have purchased for the purpose of erecting a moving picture theater thereon.

The city denies that it ever entered into a contract of purchase and sale with the plaintiff and alleges that the only agreement ever entered into between the parties was an option granted to the plaintiff to purchase the property upon certain conditions, and the conditions of the option were never fulfilled. The case was tried to a jury which rendered a verdict in favor of the defendant "that the plaintiff take nothing by this action, and that the plaintiff's cause of action be dismissed." From a judgment entered on this verdict, the plaintiff appeals. The plaintiff did not move for a directed verdict. There was no motion for a new trial. It has long been the established rule in this jurisdiction that where no motion is made for a directed verdict and the sufficiency of the evidence to support the verdict is not challenged by a motion for a new trial, the question of the sufficiency of the evidence to sustain the verdict cannot be raised in the supreme court. Morris v. Minneapolis, St Paul & Sault Ste. Marie Ry. Co., 32 ND 366, 155 NW 861; Security National Co. v. Sanders, 60 ND 597, 235 NW 714; State v. Van Horne, 71 ND 455, 2 NW2d 1.

The plaintiff's complaint alleges that on or about September 16, 1948, the plaintiff and defendant entered into a contract for the sale and purchase of Lots 9 and 10 in Block 12 of the original townsite of the City of Garrison for the sum of $1600.00, of which $400.00 was to be paid in cash and the balance on or about July 1, 1949; and that the plaintiff was to commence a substantial amount of construction of a theater upon the property of at least five per cent of the construction thereof on or before the latter date. It also alleges payment of the $400.00 which the defendant has retained and that as a part of the contract the defendant agreed that the plaintiff would be given proper permits for building a theater and for connecting it with water, sewer, and the heating system of the city. It is further alleged that the plaintiff, relying upon the contract, had plans and specifications prepared for the construction of the theater on the property and so notified the defendant and also notified the defendant that she was able, ready, and willing to

pay the balance of the purchase price. It is next alleged that the defendant and its officers and agents maliciously and with intent to cheat and defraud the plaintiff and deprive her of the benefits of the contract, failed and refused to perform its obligations thereunder, including a refusal to execute a conveyance of the property to the plaintiff and that the defendant sold and conveyed the property to the Dakota Investment Company, Inc. without taking any steps to cancel plaintiff's contract. For the breach of the contract thus made, the plaintiff claims damages.

The defendant answered and denied that it entered into a contract for the sale and purchase of the lots with the plaintiff and alleged that the city gave the plaintiff a written option to purchase the lots upon certain conditions which the plaintiff failed to perform and that the defendant at no time prevented or hindered the plaintiff from the exercise of the option.

The option was set out in full in the answer and was introduced in evidence as Exhibit 3 during the course of the trial. It is this instrument that the plaintiff contends is a contract of purchase and sale. It reads as follows:

### "OPTION

"KNOW ALL MEN BY THESE PRESENTS, That the City of Garrison, a municipal corporation under the laws of the State of North Dakota, for and in consideration of the sum of Four Hundred Dollars ($400.00) in hand paid, receipt of which is hereby acknowledged, by Myrtle W. Hultberg, or Lillie Hultberg, whose postoffice address is Garrison, North Dakota, has agreed and does hereby agree to hold until the first day of July, 1949, at six o'clock P.M., time being of the essence of this agreement and option, subject to the order of the said Myrtle W. Hultberg, the following described real property, to-wit:

"Lots Nine (9) and Ten (10) in Block Twelve (12), original townsite of the village, now city, of Garrison, according to the original plat thereof on file and of record in the office of the Register of Deeds of McLean County, North Dakota

"and to transfer the said property at any time within the time above prescribed, to the said Myrtle W. Hultberg or such person or persons as she may direct for and at the price of Sixteen

Hundred Dollars ($1600.00), payable on or before the date specified above, without interest, subject, however, to the further requirement that this option shall be of no effect and no rights shall inure to the said Myrtle W. Hultberg or any other person or persons hereunder or by virtue of any purported exercise of this option, unless within the time limited written notice of exercise of this option shall be delivered to the City Auditor of the said City of Garrison, and a substantial commencement, amounting to at least 5% of the whole, of construction of a fireproof theater shall have been made on said property.

"In the event that the holder or holders of this option shall decide to purchase the said property at the above price and terms within the said time, then and in that event the said amount paid for this option shall be credited upon the said purchase price, but in the event the holder or holders hereof do not conclude the purchase above set forth within the time limited, or do not commence construction as above set forth within the time limited, then and in that event the said amount paid for this option shall be retained by the undersigned in full satisfaction for holding the property subject to the said order for the said time."

This instrument, Exhibit 3, is signed only by the City of Garrison and in the first paragraph purports to give to the plaintiff or Myrtle W. Hultberg, who is plaintiff's daughter, for a consideration of $400.00 certain privileges with respect to the property in question. The remaining portion of the instrument purports to deal with Myrtle W. Hultberg alone. However, at the trial it appeared that the daughter had no real interest in the transaction. It was the mother who paid the $400.00, who intended to pay the balance of the purchase price and build the theater, and who was the real party in interest. She was so considered throughout the trial of the case and will be so considered in this court.

Ordinarily, the construction of an unambiguous written agreement in the nature of a contract is a question of law for the court. Whether such a written agreement constitutes a contract is a question for the court. Anderson v. Bank, 6 ND 497, 72 NW 916; Bremhorst v. Phillips Coal Co., 202 Iowa 1251, 211 NW 898; Heimberger v. Rudd, 30 SD 289, 138 NW 374; Leslie

v. Minneapolis Teachers Retirement Fund Assn., 218 Minn 369, 16 NW2d 313; Lidenberg v. Anchor Stove & Range Co., Inc., 207 Minn 341, 291 NW 512.

The trial court took the view that the instrument under consideration was an option and so instructed the jury. In this he was clearly correct. An examination of the instrument discloses that the plaintiff paid $400.00 for the privilege of buying from the city for the sum of $1600.00 two lots upon her performance of certain conditions prior to July 1, 1949, at six P.M. These conditions were written notice of acceptance, the payment of the full purchase price of $1600.00, and the commencement of construction of a fireproof theater to the extent of five per cent of the whole construction. The provision that in event the option was exercised the original consideration of $400.00 was to be credited on the purchase price does not make the instrument a contract of sale and purchase. The plaintiff was not bound to perform the conditions provided by the instrument unless she wished to exercise her right to acquire title. She was not bound to do anything, either by way of construction of the theater or payment unless she notified the city of her acceptance of the option. The choice of action rested entirely with her. The instrument gave her no interest in the property until she accepted the conditions of purchase. Horgan v. Russell, 24 ND 490, 140 NW 99, 43 LRA NS 1150. Until that event she had the mere privilege of purchase for which she paid $400.00.

"An option to purchase property is a mere privilege given by the owner to the optionee and does not constitute the optionee a purchaser of said property nor give him any right to or interest in the property until he accepts that privilege by exercising his right of option within the time specified and before it is cancelled." Larson v. Wood, 75 ND 9, 25 NW2d 100. Also Kern v. Kelner, 75 ND 292, 27 NW2d 567; Larson v. Cole, 76 ND 32, 33 NW2d 325; State v. Crum, 70 ND 177, 292 NW 392.

The instrument in question is clearly an option and not a contract for sale and purchase. It was the duty of the trial court to so construe it, which he did and instructed the jury accordingly.

Not only does the instrument, Exhibit 3, appear to be an

option on its face, but it was so understood and so interpreted by the plaintiff on February 18, 1949, when she appeared before the state licensing department in Bismarck to resist the granting of an application for a theater license by the Dakota Investment Company, Inc. At a hearing on that application she testified that she was planning to build a new theater and when asked if she had taken any steps to secure the necessary property she said: "I sure have. I got option for lots." And in admitting under cross examination that she had made that statement, she said she thought she had an option and further stated: "It was supposed to have been an option, but I find out it is a contract when I got to reading it." It is clear from her testimony that she got the idea of claiming the instrument to be a contract of sale and purchase some time after the hearing before the state licensing department.

The trial court, after instructing the jury that the instrument in question was an option and after carefully explaining the major features of an option, advised the jury as follows:

"The option in this case, Exhibit 3 in evidence, in writing, provides by its terms that the plaintiff, Mrs. Lillie Hultberg, before obtaining any interest in the real estate in question or the consummation of an enforceable contract is required to do and meet the following conditions precedent:

"(1) Give written notice of her intention to and the exercise of the option by delivery of such notice to the City Auditor of the defendant City of Garrison on or before 6:00 o'clock P.M. of the 1st day of July, 1949; and

"(2) To accomplish commencement, amounting to at least 5% of the whole of construction of a fireproof theater made on the property described in the option, that is, lots 9 and 10 of Block 12, of the original townsite of Garrison, on or before the date and hour aforesaid; and

"(3) Make payment to the City of Garrison of the balance due of $1200.00 on or before the 1st day of July, 1949."

The jury, under these instructions, by finding for the defendant, undoubtedly decided that the plaintiff had not complied with the conditions of the option. In doing so they had but to accept her own testimony. In reply to an interrogation by the

court, the plaintiff testified that she had never deposited or delivered to the City of Garrison any writing accepting the conditions of the option and that she never at any time or place delivered, tendered, or offered to deliver to the City of Garrison $1200.00 or any part thereof in payment of the conditions of the option, and further stated that she had not paid or tendered more than $400.00, which was the original consideration named in the option.

The plaintiff sought to excuse her failure to comply with the conditions of the option by attempting to prove what she claimed to be a breach of the terms thereof by the city prior to the expiration of the time of performance of the conditions by the plaintiff. Her chief complaint is that on March 7, 1949, the City Council of the City of Garrison passed a resolution to the effect that inasmuch as it was planned to resurface all pavement on the main street of the city, no permits to make connections to water and sewer mains located on Main Street would be granted for a period of five years after May 15, 1949. The plaintiff made no water or sewer connections prior to that deadline and claims that the prohibition contained in this resolution against making water and sewer connections on Main Street between May 15, 1949, and July 1, 1949, the date of expiration of the option, prevented her from performing the conditions of the option. The city's conduct in this respect, the plaintiff contends, was in itself a breach of the option agreement on the part of the city and excused the plaintiff from further tendering performance and entitles her to maintain an action for damages. The record clearly shows that the plaintiff is wrong in this contention for two reasons. The option did not include among its terms the right of the plaintiff to have preferential treatment in making water or sewer connections or that the city surrendered or curtailed by the option its governmental function of regulating the use of its streets, including access through them to its water and sewer systems. Furthermore, plaintiff's position cannot be maintained in view of the inherent nature of the option contract. We again point out that it was not a contract of sale and purchase. It was a unilateral agreement binding upon the city according to its terms,

but it did not become a contract of purchase unless and until its acceptance by the plaintiff. 55 Am Jur, Vendor and Purchaser, Section 28; Thompson on Real Property, Permanent Edition, Section 4573; Cyclopedia of Real Property Law, Jones, Vendor and Purchaser, Section 141. This is an action to recover damages for breach of a contract of purchase and sale. The complaint attempts to set forth no other cause of action. Under the most liberal construction that it is possible to give the complaint, the plaintiff is not entitled to recover unless she shows that she has done or attempted to do the acts required to convert the option into a contract of purchase and sale. According to her own testimony, she gave no notice of her acceptance of the option nor did she tender the balance of the purchase price as the option required. She never placed herself in a position to be bound by a contract of purchase and sale, or to be entitled to a conveyance. Therefore, she may not recover damages for failure to convey. Until she elected to perform the option herself and acted upon that election within the time specified in the option, she never became entitled to complain of any breach or repudiation by the city. In the absence of an election on the plaintiff's part whereby she became bound, there was, in fact, no contract of sale which the city could breach or repudiate and without a contract there can be no breach of contract and no damages. Clark v. Muirhead, 245 Mich 49, 222 NW 79; Kritz v. Moon, 88 Ind App 5, 163 NE 112; Tilton v. Sterling Coal and Coke Co., 28 Utah 173, 77 Pac 758, 107 Am St Rep 689; 55 Am Jur, Vendor and Purchaser, Section 38; James on Option Contracts, Section 839. It is clear that the trial court did not err in declining to submit to the jury the question of whether the defendant breached its contract.

Plaintiff contends that the passage of the resolution of March 7, 1949, was part of a conspiracy to prevent her from exercising the option. The evidence does not bear out this contention. The resolution applied to all property abutting on the portion of Main Street that was paved. The plaintiff made no effort to comply with the resolution requiring connections to be made prior to May 15, 1949. Furthermore, it appears without dispute that water and sewer connections could have been made

up the alley to an unpaved cross street and that the subsequent purchasers of the lots in question actually did make water and sewer connections for the lots in that manner. It is clear that the plaintiff wholly failed to establish her contention that she was prevented by the city from carrying out the terms of the option.

The judgment is affirmed.

GRIMSON, CHRISTIANSON, SATHRE and BURKE, JJ., concur.