GERHARDT CONSTRUCTION COMPANY, a North Dakota Corporation, Plaintiff, Appellee and Cross-Appellant,

v.

WACHTER REAL ESTATE TRUST and Lance A. Wachter, Defendants, Appellants and Cross-Appellees.

Civ. No. 9917.

Supreme Court of North Dakota.

May 29, 1981.

Bair, Brown & Kautzmann, Mandan, for plaintiff, appellee and cross-appellant; argued by Bruce B. Bair, Jr., Mandan.

Zuger & Bucklin, Bismarck, for defendants, appellants and cross-appellees; argued by John A. Zuger, Sr., Bismarck.

PEDERSON, Justice.

This is an appeal by Lance Wachter from a district court judgment awarding Gerhardt Construction Company damages for Wachter's breach of an agent's warranty of authority. Gerhardt cross-appealed, urging that the award be increased.

Lance Wachter is one of four trustees for the Wachter Real Estate Trust. The Trust owns the tract of land which is at the bottom of the instant dispute. The trust instrument requires contracts for conveyance of trust land to be executed by a majority of the acting trustees, or three of the four.

In August, 1977, John Gerhardt of Gerhardt Construction Company contacted the United Realty Company in Bismarck about acquiring real estate suitable for multiple dwelling units. United Realty informed Gerhardt that a tract owned by the Trust was available, and Gerhardt submitted a signed offer in the form of a printed earnest money agreement on September 8. The offer, with the original price crossed out and a higher figure entered, was returned by United Realty to Gerhardt on September 10. The return bore the signature of Lance Wachter followed by the word "Trustee." Accompanying the returned offer was another earnest money agreement form describing a larger tract, about 3.8 acres, with a price of $200,000.00. This form too was signed "Lance Wachter —Trustee." Gerhardt rejected the original form as modified, but signed and returned the second one. He had already made a $500.00 down payment on his original offer. At trial Lance Wachter attempted to prove that he instructed the realty agent not to deliver the second form to Gerhardt until it was approved by the other trustees. In its finding of fact, the district court stated:

" . . . the Court finds that there was no restriction placed upon [the realtor] Mr. Emil with respect to delivering the document or permitting its execution by Mr. Gerhardt."

This finding is not challenged on appeal.

Gerhardt learned later from the realty company that the transaction could not be closed immediately because the land was mortgaged. The delay continued until 1979, when, in May, he received from the Trust's legal counsel a letter to the effect that the deal was off. During this period of almost two years Gerhardt met a couple of times with Wachter. Wachter testified that he told Gerhardt that the other trus-

tees had declined to sell the land because it was under mortgage and not yet platted. He stated that he had informed Gerhardt that no final deal could be made without approval by a majority of trustees. Gerhardt, however, claimed that Wachter never revealed his lack of authority to conduct a sale.

Gerhardt sued the Trust for specific performance of the sale agreement. In the alternative he sued Lance Wachter personally for damages allegedly caused by Wachter's misrepresentation of authority. The district court issued both a memorandum opinion and findings of fact and conclusions of law. While finding that the earnest money agreement was sufficiently complete to be enforced, the court refused specific performance because 1) the writing was not executed by a majority of the trustees, and 2) the Trust did nothing to make Gerhardt believe that Lance Wachter had actual authority to effect a conveyance of trust property. The court held that Lance Wachter had breached his warranty of authority as an agent for the Trust by executing the sale agreement. Damages for the breach were assessed at $3,871.50. The court determined that Gerhardt's damages should be the difference between the value of the subject real property on the date of the breach and the stated price of $200,000.00, along with reasonable expenses incurred by Gerhardt in pursuing a legal remedy. The court stated, in the memorandum opinion, its conclusion regarding damages:

"The breach with which we are concerned is not the breach of contract arising from the failure to make the conveyance, but, rather, the breach of the agent's authority, which breach consisted of his execution of the contract. That breach occurred when he signed it. Had the value of the land at the time the contract was executed exceeded the price, the difference would constitute the damage. If the price reflected the value, there would be nominal damages. In this case, the value was less than the price to be paid. Therefore, no damages exist, except for the expense of the action, which includes reasonable attorney fees."

Under the category "expense of the action" the court included the cost to the Trust of the defense against Gerhardt's action for specific performance, which cost had been assessed against Gerhardt.

Lance Wachter challenges the judgment on two grounds. First, believing that his dealings with Gerhardt were insufficient to form a contract, he argues that the court's finding to the contrary, that the agreement with Gerhardt was complete and enforceable, is clearly erroneous. The writing in question was without, inter alia, a detailed provision for the down payment and financing, a provision for interest if payment was to be in installments, a legal description of the land being conveyed, and a provision for a title abstract. It follows, according to Wachter, that Gerhardt was not damaged by the failure to convey. Second, if it is determined that a contract was formed, Wachter argues that the law concerning the warranty given by an agent is inapplicable to his position as a trustee. He asserts that personal liability on his part is barred in light of Gerhardt's knowledge of and past dealings with the Trust and by the manner in which he (Wachter) executed the earnest money form.

We shall momentarily bypass the first part of Wachter's argument and proceed directly to the second. Preliminarily, we do not believe that resort to principles of agency is necessary to resolve the issues before us. A trustee and an agent differ conceptually, and the law of trusts is wholly adequate. See Bogert, Trusts and Trustees 2d Ed., § 712, pp. 451 and 453.

As mentioned above, Wachter's signature on the earnest money agreement was followed by the word "Trustee" written in what appears to be the same calligraphy as the signature. Wachter directs our attention to § 59–02–13, NDCC, which reads as follows:

"Whenever any trustee, in the course of the administration of a trust, shall execute any deed, mortgage, bill of sale, or other instrument affecting real or personal property belonging to said trust, and *proper recitals* shall appear in such instrument showing that it was executed by said trustee solely in his representative capacity as trustee, *such instrument* shall be binding only upon said trustee in his representative capacity, and *shall create no personal liability against the person*, firm, or corporation *executing such instrument.*"

We have found no interpretation of this statute detailing what is meant by "proper recitals," but the addition of the word "trustee" next to his signature is reasonably sufficient notice to allow the trustee to invoke the protection against personal liability. However, the statute makes the protection available only when the trustee executes the instrument "in the course of the administration of a trust." If the trustee's act is deemed outside the authority conferred in the instrument of trust, both the common law and the statute make the trustee liable personally for any resulting damages. Bogert, *supra*, § 713, p. 457.

The issue then is whether Wachter's conduct was ultra vires in nature. If Wachter acted pursuant to his authority, the statute bars liability. If he exceeded his authority he is personally liable. Bogert, *supra*. To present Wachter's argument bypassed earlier, the issue may be re-cast as follows: Did the negotiations between Wachter and Gerhardt amount to an enforceable contract? If the answer is yes, then Wachter did indeed go beyond his authority because the trust instrument allows no conveyance without the assent of a majority of trustees. If no contract was formed, then Wachter cannot be held liable, for presumably he is within his authority to speak and negotiate with prospective buyers of trust property.

The district court found as a fact that an enforceable contract was formed, and findings of fact are not set aside by this court unless they are clearly erroneous. Rule 52(a), NDRCivP. This court, however, is not bound by the labels the trial court uses. *Olson v. Peterson*, 288 N.W.2d 294, 296 (N.D.1980). The determination as to whether an agreement meets the criteria necessary to be declared a valid contract is a legal one made by the court and is thus fully reviewable. *Kuhn v. Kuhn*, 281 N.W.2d 230, 235 (N.D.1979); *Hultberg v. City of Garrison*, 79 N.D. 356, 56 N.W.2d 319, 321 (1953).

Section 1–01–25, NDCC, reads:

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact and who omits to make such inquiry with reasonable diligence is deemed to have constructive notice of the fact itself."

The presence of the word "Trustee" after Lance Wachter's signature on the earnest money agreement certainly suggests possibilities a prospective purchaser should investigate. In fact, Gerhardt testified to actual knowledge of the Trust and of the fact that it owned the subject property. He testified that he thought Wachter had the authority to transact the sale. Section 1–01–25 effectively imputes to Gerhardt constructive knowledge of Wachter's lack of authority, for reasonable diligence would have revealed this fact. Moreover, the trial revealed certain particulars which tend to discredit Gerhardt's case. The record details four other land transactions dating to 1972 between Gerhardt and the Trust. In all of them, the sale agreement documents and final instruments of conveyance were executed by at least a majority of the trustees. Not one of the sale agreements in the previous conveyances was a "canned" form as is the one sued on here; each appears to have been drawn specially by the Trust and its counsel.

We conclude that, irrespective of whether or not the writing in question, when considered abstractly, is adequate to be a contract, Gerhardt had no reasonable expecta-

tion that a contract was or could be consummated by Lance Wachter alone. Because he should have known of Wachter's incapacity, he had no power to accept an "offer" from Wachter.

 Our holding that no contract was formed between the parties eliminates the basis for Gerhardt's cross-appeal and we need not confront that issue. The judgment of the district court is reversed. The case is remanded for entry of a judgment consistent with this opinion.

ERICKSTAD, C. J., VANDE WALLE and SAND, JJ., and WALTER A. BERNING, District Judge,* concur.

---

* BERNING, District Judge, sitting in place of PAULSON, J., disqualified.