IN RE APPLICATIONS A-16027, A-16028, A-16031, A-16032, A-16033, A-16036, A-16038, A-16039, A-16600, A-16603, AND A-16606.
UPPER BIG BLUE NATURAL RESOURCES DISTRICT, APPELLANT, V. CITY OF FREMONT ET AL., APPELLEES.
499 N.W.2d 548

Filed May 7, 1993.   No. S-92-024.

Steven G. Seglin, of Crosby, Guenzel, Davis, Kessner & Kuester, for appellant.

Lyle B. Gill, Fremont City Attorney, for appellee City of Fremont.

George E. Svoboda and Bradley E. Nick, of Sidner, Svoboda, Schilke, Thomsen, Holtorf & Boggy, for appellees Lower Platte North Natural Resources District and National Audubon Society.

James E. Doyle IV, of Cook, Wightman & Doyle, for appellee Central Platte Natural Resources District.

Bridgitt B. Erickson, Platte County Attorney, for appellee County of Platte.

BOSLAUGH, WHITE, CAPORALE, GRANT, and FAHRNBRUCH, JJ., BLUE, D.J., and COLWELL, D.J., Retired.

PER CURIAM.

Upper Big Blue Natural Resources District (Big Blue), in its motion for rehearing, has asked us to reconsider our holding in *In re Applications A-16027 et al.*, 242 Neb. 315, 495 N.W.2d 23 (1993). In that opinion, we reviewed a decision of the director of the Department of Water Resources, denying Big Blue's applications for intrabasin and interbasin diversions of unappropriated waters from the Platte and Blue Rivers. Having fully discussed the salient facts in our first opinion on this case,

we turn to Big Blue's arguments, discussing only those facts relevant to our analysis.

Although in our previous opinion we considered, and rejected, Big Blue's constitutional challenges to two interbasin-transfer statutes, we did not address its challenge to a third statute, Neb. Rev. Stat. § 37-435(3) (Cum. Supp. 1992). We declined to consider that challenge because we held that Big Blue was not affected by the statute. It is that holding that Big Blue asks us to reconsider.

Upon further deliberation, we conclude that Big Blue is correct; its interest was sufficiently affected by the statute to entitle it to raise a constitutional challenge. We thus withdraw the inconsistent portions of *In re Applications A-16027 et al., supra*, and address the constitutionality of § 37-435(3). Our original holding regarding the challenge to § 37-435(3) rested on the existence of a 1987 amendment to the statute. The pertinent language at issue in § 37-435(3) (Reissue 1978), as in effect at the time of the applications, provided:

> All other state departments and agencies shall, in consultation with and with the assistance of the commission, utilize their authorities in furtherance of the purposes of sections 37-430 to 37-438 by carrying out programs for the conservation of endangered species and threatened species listed pursuant to section 37-434, and by taking such action necessary to insure that actions authorized, funded, or carried out by them do not jeopardize the continued existence of such endangered or threatened species or result in the destruction or modification of habitat of such species which is determined by the commission to be critical. [*For purposes of this subsection, state agency shall mean any department, agency, board, bureau, or commission of the state or any corporation whose primary function is to act as, and while acting as, an instrumentality or agency of the state, except that state agency shall not include a natural resources district or any other political subdivision.*]

(Language of 1987 amendment shown in brackets and emphasized.)

In our original opinion we found that the amended language

was intended to remove the requirement that a natural resources district consult with the Nebraska Game and Parks Commission (Game Commission) on matters concerning endangered species before obtaining a water permit. Based on this finding, we held that Big Blue was not affected by § 37-435(3) (Cum. Supp. 1992) and consequently declined to determine the constitutionality of the statute.

Big Blue correctly notes that although it was not required to consult with the Game Commission under the amended version of § 37-435(3), the same could not be said for the Department of Water Resources. Big Blue argues that because the department's director was required to consult with the Game Commission, did so, and denied Big Blue's application based, in part, on the biological opinion resulting from this required consultation, Big Blue was sufficiently affected by § 37-435(3) to properly challenge its constitutionality.

Appellees Lower Platte North Natural Resources District and the National Audubon Society contend that we need not reach the merits of Big Blue's argument because the director denied the application based on factors independent of § 37-435(3). These appellees maintain that the director's findings themselves, which focused on the public interest factors enumerated in Neb. Rev. Stat. § 46-289 (Reissue 1988), provided the basis for denial. They thus argue that this court should decline to pass on the constitutionality of § 37-435(3) because it was not necessary for the proper disposition of the director's decision to deny the application.

The language of both § 46-289 and the director's order belies this theory. Section 46-289 requires the director, when deciding whether to grant or deny an application, to *balance* the benefits to the applicant's basin and the state against the adverse impacts to the state and the basin of origin. Furthermore, § 46-289 mandates that in the order denying or granting the application, the director must specify the reasons and must document the decision by reference to any source utilized in the decisionmaking process. Therefore, to the extent the director considered the Game Commission's opinion under the factors outlined in § 46-289, § 37-435(3) is brought into play as a source for balancing the statutory factors.

The director, when discussing in his order the effect of the project on the pallid sturgeon, burying beetle, and prairie fringed orchid, obviously considered and relied on the Game Commission's 1990 consultation opinion regarding endangered species. See *In re Applications A-16027 et al.*, 242 Neb. 315, 495 N.W.2d 23 (1993). Nothing in the language of § 46-289 indicates that a finding based on any one factor or set of factors will mandate a denial of an application. Thus, the argument that denial was required even without considering § 37-435(3) is without merit.

Having determined that Big Blue's interest was sufficiently affected by § 37-435(3) to allow Big Blue to challenge the statute, we now consider the merits of the constitutional challenge. In its appeal, Big Blue challenged the constitutionality of § 37-435(3) on essentially the same grounds it had challenged Neb. Rev. Stat. § 46-288 (Reissue 1988) and § 46-289. Big Blue argued that the three statutes impermissibly limited or altered its substantive right to divert unappropriated waters for irrigation purposes as guaranteed by Neb. Const. art. XV, §§ 4, 5, and 6. Consequently, much of the constitutional analysis applied to the other two statutes in our earlier opinion is germane to our analysis of § 37-435(3).

We first note, as we did in *In re Applications A-16027 et al.*, *supra*, that §§ 4, 5, and 6 are not self-executing. Therefore, our task is to determine whether the challenged statute permissibly implements and effectuates the policies found in the relevant constitutional provisions. The pertinent constitutional language is found in § 6: "The right to divert unappropriated waters of every natural stream for beneficial use shall never be denied *except when such denial is demanded by the public interest*." (Emphasis supplied.)

In *Lenstrom v. Thone*, 209 Neb. 783, 789-90, 311 N.W.2d 884, 888 (1981), this court held:

> It is for the Legislature to decide in the first instance what is and what is not a public purpose, but its determination is not conclusive on the courts. However, to justify a court in declaring a statute invalid because its object is not a public purpose, the absence of public purpose must be so clear and palpable as to be immediately perceptible to the

reasonable mind.

Whether or not legislation is in the public interest is generally a question for legislative determination; however, under the guise of regulation in the public interest, the Legislature may not impose conditions which are on their face unreasonable, arbitrary, discriminatory, or confiscatory. *McGraw Electric Co. v. Lewis & Smith Drug Co., Inc.*, 159 Neb. 703, 68 N.W.2d 608 (1955), *modified on other grounds* 160 Neb. 319, 68 N.W.2d 608.

In the legislative declaration to the Nongame and Endangered Species Conservation Act (NESCA), of which § 37-435(3) is a part, the Legislature stated that "nongame, threatened, and endangered species have need of special protection and . . . it is *in the public interest* to preserve, protect, perpetuate, and enhance such species of this state through preservation of a satisfactory environment and an ecological balance." (Emphasis supplied.) Neb. Rev. Stat. § 37-432.01 (Cum. Supp. 1992). The stated legislative intent behind NESCA is to conserve wildlife species for human enjoyment, for scientific purposes, and to ensure their perpetuation as viable components of their ecosystems, as well as to assist in the protection of endangered species pursuant to the federal Endangered Species Act. Neb. Rev. Stat. § 37-432 (Reissue 1988).

In consideration of these legislative declarations and statements of intent, and the unchallenged constitutionality of the federal Endangered Species Act, this court would be hard pressed to hold that there is a clear and palpable absence of a public purpose in state legislation which protects endangered species. See *Lenstrom, supra*. Section 37-435(3) provides for the establishment and implementation of conservation programs to effectuate the protection of endangered species as a public interest. The Legislature's determination of a public interest and the corresponding implementing statutes are not unreasonable, arbitrary, discriminatory, or confiscatory. The limitations that § 37-435(3) places on the diversion of unappropriated waters permissibly effectuate the provisions of Neb. Const. art. XV, §§ 4, 5, and 6.

Finding nothing in § 37-435(3) that is inconsistent with the

mandates of the applicable constitutional provisions, we hold that the statute, as challenged, is constitutional. Big Blue's arguments to the contrary are meritless. Therefore, the motion for rehearing is overruled, and our former opinion is modified to the extent it is inconsistent with our decision today.

FORMER OPINION MODIFIED.

MOTION FOR REHEARING OVERRULED.