DONALD G. ALEXANDER AND DEBRA L. ALEXANDER,
APPELLEES, v. DEPARTMENT OF REVENUE, STATE OF NEBRASKA,
APPELLANT.

527 N.W.2d 852

Filed March 3, 1995.   No. S-94-016.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellant.

Kirk E. Naylor, Jr., for appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ., and BOSLAUGH, J., Retired.

LANPHIER, J.

This case is an appeal from the Lancaster County District Court's holding that Neb. Rev. Stat. § 77-4312(4) (Cum. Supp. 1994) violates the due process of indigent taxpayers. Section 77-4312(4) requires payment of an unpaid marijuana and controlled substances tax or the posting of security as a prerequisite to a hearing on the redetermination of such tax.

On April 17, 1992, the Nebraska Department of Revenue (Department) issued a notice of jeopardy determination and assessment to the appellees, Donald G. Alexander and Debra L. Alexander. The notice asserted the appellees were liable for taxes in the amount of $8,600 and an equal amount in penalty and interest, for a total of $17,407.81 pursuant to the marijuana and controlled substances tax statutes. Neb. Rev. Stat. § 77-4301 et seq. (Reissue 1990 & Cum. Supp. 1994). The notice further provided that the determination would become final and could not be reconsidered by the Tax Commissioner unless a petition for redetermination was filed within 10 days accompanied by security in the amount of $8,600. The appellees timely filed a petition for redetermination and enclosed an in forma pauperis declaration. In the in forma pauperis declaration, the appellees stated they were without the

means to post security in the amount of $8,600.

The Department dismissed the appellees' petition for redetermination for the reason that the required security was not posted and therefore the Tax Commissioner was without jurisdiction to decide the merits of the case. The appellees appealed the decision to the district court for Lancaster County and alleged that the marijuana and controlled substances tax statutes are unconstitutional in that they deny due process of law to indigent persons by denying them any hearing before the Department to contest the jeopardy determination and assessment made against them by the Department. The district court, on November 24, 1993, held that § 77-4312(4) as applied to indigent persons violated due process and remanded the matter to the Department for further proceedings on the appellees' petition for redetermination. From this order, the Department appeals.

We addressed the sole issue presented in this appeal in *Boll v. Department of Revenue, ante* p. 473, 528 N.W.2d 300 (1995), and held that § 77-4312(4) as applied to almost identical facts unconstitutionally deprived indigent taxpayers of due process. At oral argument, the parties agreed that our holding in *Boll* controls the outcome of this matter. For the reasons stated in *Boll*, we affirm the holdings of the district court.

AFFIRMED.