528 N.W.2d 300 (1995)
247 Neb. 473
David E. BOLL, Appellee,
v.
DEPARTMENT OF REVENUE, State of Nebraska, Appellant. (Two Cases.)
Nos. S-93-1105, S-93-1106.
Supreme Court of Nebraska.
March 3, 1995.
*302 Don Stenberg, Atty. Gen., and Joseph P. Loudon, Lincoln, for appellant.
O. William VonSeggern, of Grimminger & VonSeggern, Grand Island, for appellees.
HASTINGS, C.J., and WHITE, CAPORALE, LANPHIER, and WRIGHT, JJ., and GRANT, J., Retired, and HOWARD, District Judge, Retired.
HOWARD, D.J., Retired.
The Department of Revenue (Department) appeals a district court's holding that Neb. Rev.Stat. § 77-4312(4) (Cum.Supp.1994), in requiring payment of an unpaid marijuana and controlled substances tax or the posting of security therefor as a prerequisite to a hearing on the redetermination of such tax, violates due process as applied to David E. Boll and Lisa M. Boll.
The Bolls sought a redetermination of the drug tax assessed against them by the Tax Commissioner, but the Department denied the request for a hearing because their petition for redetermination was not accompanied by either payment of the drug tax or a security in the amount of $18,800. These cases were consolidated at the departmental and district court levels. Likewise, this court has consolidated them for the purposes of briefing, oral argument, and proof.
Since this matter involves the constitutionality of a statute, the Department properly appealed directly to this court. We affirm the decision of the district court for Lancaster County.

STATEMENT OF FACTS
Neb.Rev.Stat. § 77-4303 (Cum.Supp.1994) imposes a tax based on weight or dosage unit of marijuana or controlled substances. The tax is due and payable immediately upon acquisition or possession of a controlled substance. Neb.Rev.Stat. § 77-4305 (Reissue 1990). The Tax Commissioner is required to assess the appropriate tax and penalties on individuals who fail to pay the drug tax. Neb.Rev.Stat. § 77-4310 (Reissue 1990). This is considered a jeopardy determination. Neb.Rev.Stat. § 77-4311 (Cum.Supp.1994). Section 77-4310 also requires the Tax Commissioner to notify such individual of the jeopardy determination, demand immediate payment, and if payment is not immediately made, collect the tax and penalties by any method prescribed by the Uniform State Tax Lien Registration and Enforcement Act as set forth in Neb.Rev.Stat. § 77-3901 et seq. (Reissue 1990 & Cum.Supp.1994).
On October 25, 1991, the Department issued separately to each of the Bolls a notice of jeopardy determination and assessment for unpaid marijuana and controlled substances tax in the amount of $18,800, plus an $18,800 penalty, and $151.43 in interest for the total amount of $37,751.43, due pursuant to § 77-4303. Each notice advised the Bolls that they were jointly and severally liable for *303 the amount with a third party, Jeffery Dadey. Each notice also stated that the determination would become final unless a petition for redetermination and security in the amount of $18,800 was filed with the Tax Commissioner within 10 days from the postmark date of the notice.
On November 1, 1991, the Bolls jointly filed with the Department a petition for redetermination. The Bolls' petition denied the allegations set forth in each notice of jeopardy determination and assessment and stated that the attempted assessment of taxes and penalties denied the Bolls due process, equal protection, and other constitutional rights. The petition also requested a hearing and redetermination of the drug tax, but it was not accompanied by payment of such tax or the security in the amount of $18,800. On July 31, 1992, the Department filed a motion with the Tax Commissioner to dismiss the petition, alleging that the Department was without jurisdiction to hear the matter without payment of the tax or suitable security for such tax.
On August 25, 1992, the Bolls filed separate affidavits indicating that they were each without sufficient funds to pay the $18,800 tax and penalty or post security therefor, nor could they borrow funds due to the tax lien filed against their real estate by the Department. A hearing was held on August 26 before a designated hearing officer on the Department's motion to dismiss. On October 22, the hearing officer found that filing the petition for redetermination without payment of the tax or posting suitable security for the tax rendered the tax assessment final. Thus, the hearing officer found the Tax Commissioner was without authority to hear and decide the merits of the Bolls' petition. The hearing officer further found that the Tax Commissioner was without authority to decide the constitutionality of a revenue law. On October 23, the Tax Commissioner accepted the hearing officer's findings and dismissed the petition.
The Bolls each appealed the Tax Commissioner's order to the district court for Lancaster County pursuant to the Administrative Procedure Act, Neb.Rev.Stat. § 84-901 through 84-920 (Reissue 1987, Cum.Supp. 1992, & Supp.1993). Both petitions stated that the Bolls had filed poverty affidavits alleging that they were without funds to pay the tax or security necessary to obtain a redetermination hearing. Section 77-4312(4) provides that "[t]he petition for redetermination shall be accompanied by the payment of the tax or suitable security for the payment of the tax." The Bolls each contend in their petitions that § 77-4312(4) as applied to an indigent party deprives him or her of due process under both the U.S. and Nebraska Constitutions by requiring the payment of tax and security as a jurisdictional prerequisite for a redetermination hearing.
On November 9, 1993, a hearing was held in district court on both petitions. On November 17, the district court held that § 77-4312(4) as applied to indigent persons violated due process and remanded the cause to the Department for further proceedings on the Bolls' petition for redetermination.
The Department timely appealed to this court.

ASSIGNMENTS OF ERROR
Summarized and restated, the Department contends that the district court erred in finding that § 77-4312(4) as applied unconstitutionally deprives indigent taxpayers of due process.

SCOPE OF REVIEW
The alleged unconstitutionality of a statute presents a question of law which must be determined by an appellate court independently from the conclusion reached by a trial court. State v. Philipps, 246 Neb. 610, 521 N.W.2d 913 (1994); State v. Stott, 243 Neb. 967, 503 N.W.2d 822 (1993).
However, a statute is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality. Philipps, supra; Henry v. Rockey, 246 Neb. 398, 518 N.W.2d 658 (1994). The burden of establishing that a statute is unconstitutional rests upon the party claiming a statute to be unconstitutional. Id. The unconstitutionality of a statute must be clearly demonstrated before the statute will be declared unconstitutional. Id.; In re Applications *304 A-16027 et al., 242 Neb. 315, 495 N.W.2d 23 (1993), modified 243 Neb. 419, 499 N.W.2d 548.

ANALYSIS
The Department argues that the district court erred in finding that the Bolls carried their burden of overcoming the presumption of a statute's constitutionality and that they clearly demonstrated that § 77-4312(4) as applied deprives indigents of due process.
The Constitutions of the State of Nebraska and the United States provide that no person shall be deprived of property without due process of law. See, Neb. Const. art. I, § 3; U.S. Const. amends. V and XIV. "The protections of procedural due process attach when there has been a deprivation of a significant property interest." Howard v. City of Lincoln, 243 Neb. 5, 12, 497 N.W.2d 53, 58 (1993). See Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). In the present case, the jeopardy determination and assessment imposes a significant liability upon the Bolls in the amount of $37,751.43.
This court has stated that due process does not guarantee an individual any particular form or method of state procedure. Hroch v. City of Omaha, 226 Neb. 589, 413 N.W.2d 287 (1987). The requirements of due process are satisfied if the individual has reasonable notice and reasonable opportunity to be heard appropriate to the nature of the proceedings and the character of the rights which may be affected by it. Howard, supra; Hroch, supra. If a person has access to the courts for the protection of his or her rights, it cannot be said that this person has been deprived of his or her property without due process of law. Howard, supra. However, when restrictions, such as cost requirements, are placed upon one's access to the courts, they may offend due process because they operate to foreclose one's opportunity to be heard. Boddie, supra.
Section 77-4312 provides:
(1) Any person who receives a notice of jeopardy determination of the tax imposed by section 77-4303 may petition the Tax Commissioner for a redetermination of the amount of the assessed deficiency.
....
(4) The petition for redetermination shall be accompanied by the payment of the tax or suitable security for the payment of the tax.

....
(6) The determination of the amount of the deficiency shall become final and the amount shall be deemed to be assessed on the date provided in subsection (2) of this section if the person fails to file the petition for the redetermination and the appropriate security within the ten-day time period.
(Emphasis supplied.)
In the present case, the Bolls must pay the assessed drug tax or post a security of $18,800 before a redetermination hearing will be granted. The determination of the amount of the assessed drug tax becomes final upon failure of the person to file a petition for redetermination. There is no dispute as to the Bolls' inability to pay the drug tax or post the $18,800 security. The affidavits in the record establish that the Bolls are without sufficient funds to pay the tax. Nor do they have the ability to post a suitable security. Due to a tax lien against their real estate by the Department, the Bolls are unable to borrow the necessary funds to meet the statutory requirement.
The U.S. Supreme Court has addressed the question of when certain fees or costs necessary to initiate a legal proceeding deprive indigent citizens of due process. In Boddie, supra, the Court held that a Connecticut statute requiring the payment of fees as a prerequisite to a divorce action was unconstitutional as applied to the indigents. The Court said that given the basic position of the marriage relationship in our society and the state monopolization of the means for dissolving the relationship, due process of law prohibits a state from denying access to its courts to indigents solely because of the inability to pay court fees and costs. Boddie, supra. See, also, Little v. Streater, 452 U.S. 1, 101 S.Ct. 2202, 68 L.Ed.2d 627 (1981) (holding that a statute which provided cost of blood grouping tests be paid by the party *305 requesting them denied due process when applied to deny the tests to an indigent defendant in a quasi-criminal paternity action).
The Department argues that the U.S. Supreme Court decisions in Ortwein v. Schwab, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973), and United States v. Kras, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), should control the present case. In Ortwein, the appellant contended that the Oregon appellate court filing fee, when applied to indigent persons seeking to appeal an adverse welfare decision, violated the Due Process Clause of the 14th Amendment. The Court held that the appellate filing fees did not violate due process and distinguished Boddie on the grounds that the interest in increased welfare payments had far less constitutional significance than the interest of the Boddie appellants in dissolving a marriage. The Court stated that, even in criminal cases, due process does not require a state to provide an appellate system. Ortwein, supra. However, unlike the Bolls, the appellant in Ortwein had a hearing at the departmental level that was not conditioned on payment of any fee. Therefore, we do not find Ortwein to be applicable to the present case, in which no hearing was afforded at the departmental level.
In Kras, the U.S. Supreme Court rejected the indigent appellee's argument that the bankruptcy court's filing fee requirement violated due process as it applied to him. The Court said that access to the courts was not the only means of resolving his debts and that the elimination of his debts did not rise to the same constitutional level as the right involved in Boddie of dissolving a marriage. We find this case is inapplicable as well. Kras, unlike the present case, involves the claimant's affirmative actions for a benefit, the benefit being release from his debts.
Section 77-4312(4) requires the payment of the assessed drug tax or posting of a suitable security for the tax as a jurisdictional prerequisite for a redetermination hearing without furnishing other means for indigents to obtain a hearing. It cannot be said that the requirements of due process were met when the Bolls were denied access to a redetermination hearing simply because they were unable to post the $18,800 security required by § 77-4312(4). The Bolls' right to the redetermination hearing was conditioned on requirements so harsh as to effectively deny them access to the courts. The denial of a redetermination hearing prevented the Bolls from exhausting all administrative remedies, a necessary preliminary step in seeking judicial review of the assessed tax. Thus, we find that § 77-4312(4) as applied to indigent individuals is unconstitutional. The Department's assignment of error is without merit.
Our review of § 77-4312(4) also reveals that the statute is an unconstitutional and invalid delegation of legislative authority and power to an executive or administrative officer of the state. Section 77-4312(4) provides that the petition for redetermination shall be accompanied by the payment of the tax or suitable security for the payment of the tax. There are no standards, rules, or criteria provided in the statute for determining what a "suitable security" for the tax will be. The statute places the determination of the amount of security for each petition at the discretion of the Tax Commissioner permitting arbitrary treatment of parties petitioning for redetermination of the drug tax.
"`It is fundamental that the Legislature may not delegate legislative power to an administrative or executive authority. [Citation omitted.] The Legislature does have power to authorize an administrative or executive department to make rules and regulations to carry out an expressed legislative purpose, or for the complete operation and enforcement of a law within designated limitations. Such authority is administrative in its nature and its use by administrative officers is essential to the complete exercise of the powers of all departments. [Citation omitted.] ...
"`The limitations of the power granted and the standards by which the granted powers are to be administered must, however, be clearly and definitely stated in the authorizing act.'"
Kwik Shop v. City of Lincoln, 243 Neb. 178, 186, 498 N.W.2d 102, 108 (1993), quoting Bosselman, Inc. v. State, 230 Neb. 471, 432 *306 N.W.2d 226 (1988). "Such standards may not rest on indefinite, obscure, or vague generalities, or upon extrinsic evidence not readily available." Bosselman, Inc., 230 Neb. at 476, 432 N.W.2d at 229-30.
Therefore, we find that § 77-4312, in not setting forth clear and definite standards for determining what constitutes a suitable security for the tax assessed in each case, is an unconstitutional and invalid delegation of legislative authority and power to an executive or administrative officer of the state.

CONCLUSION
Having found that § 77-4312 as applied unconstitutionally deprives indigent taxpayers of due process and having found that § 77-4312(4) is an unconstitutional and invalid delegation of legislative authority, we affirm the decision of the district court.
AFFIRMED.